IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLORIA MARIA MONTOYA SANTIAGO-RAMIREZ,<br><br>        Plaintiff,<br><br>        v.<br><br>EMBASSY OF GHANA, et al.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)   C.A. No. 25-607 (MN)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

Gloria Maria Montoya Santiago-Ramirez, Laurel, Maryland – *Pro Se* Plaintiff

June 27, 2025
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

On May 16, 2025, Plaintiff Gloria Maria Montoya Santiago-Ramirez initiated this civil action pro se, alleging civil claims against the Ghanian Ambassador and the embassies and consulates of Ghana in Washington, D.C., New York City, and Toronto. (*See* D.I. 2). Plaintiff has been granted leave to proceed *in forma pauperis*. (D.I. 7). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

## I.   BACKGROUND

The Complaint is difficult to follow, but it appears that Plaintiff believes that she is being tracked and otherwise harmed by the Country of Ghana, with the backing of the United States. Plaintiff also takes issue with current events involving Ghana and other nations that do not appear to personally involve Plaintiff. Plaintiff's alleged injuries include imprisonment, infections, and bodily injuries that either she or others sustained. Plaintiff would like the tracking to stop and she seeks other forms of relief that are difficult to follow. (*See* D.I. 2).

The documents and affidavits submitted in support of the Complaint do not further elucidate Plaintiff's claims. They include apartment rental promotional materials, restaurant business cards, Trinity Health medical informational materials, an identity theft affidavit, and a two-page handwritten statement that is also difficult to follow but mentions that Plaintiff was deported from the United States, potentially to Cuba or Mexico, with no mention of how this relates to her claims involving Ghana. (*See* D.I. 2-2, D.I. 5, D.I. 6).

## II.   DISCUSSION

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see*

1

*also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). When a plaintiff proceeds pro se, the pleading is liberally construed, and the complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp*., 809 F.3d 780, 787

(3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Even when liberally construing Plaintiff's pleading and reviewing the Complaint in the light most favorable to her, the Complaint must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii), and (iii) because it is clearly frivolous, it fails to state a claim, and it names Defendants who are immune from suit. Review of the allegations in the Complaint, and the supporting documents and affidavits, reveals no possible viable claim before this Court. As such, amendment is futile and this case will be closed.

### III.  CONCLUSION

For the above reasons, the Court will dismiss with prejudice the Complaint (D.I. 2) pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii), and (iii).

An appropriate Order will be entered.